United States Bankruptcy Court
Southern District of Texas
**ENTERED**
April 01, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 21-33531 |
| RIVERSTONE RESORT, LLC, | § | |
| | § | CHAPTER 7 |
| Debtor. | § | |
| | § | |
| HAMZAH ALI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 22-3154 |
| | § | |
| RIVERSTONE RESORT, LLC, | § | |
| AZHAR CHAUDHARY, AND | § | |
| AZHAR CHAUDHARY LAW FIRM, P.C., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION

Before the Court is the mandate from the Fifth Circuit Court of Appeals issued on January 21, 2025, in *Matter of Riverstone Resort, LLC*. In its opinion, the Fifth Circuit remanded one issue to the bankruptcy court and affirmed its Judgment after trial (ECF No. 139) in all other respects. The sole issue now before this Court is whether the statute of limitations was equitably tolled in this case "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadlines to pass." [1]

## BACKGROUND

This adversary was filed on May 16, 2022, by the plaintiff Hamzah Ali ("Ali"). The live pleading at the time of trial was the Second Amended Complaint (ECF No. 31). Two of the defendants, Azhar Chaudhary ("Chaudhary") and Azhar Chaudhary Law Firm (collectively the "Defendants") filed their answer to the amended complaint on January 19, 2023 (ECF No. 63), which included the affirmative defense of the statute of limitations. Trial was held over two days, beginning on March 21, 2023, and concluding on March 27, 2023. This Court issued its

---

[1] *Matter of Riverstone Resort, LLC*, 122 F.4th 576 (5th Cir. 2024) *citing Czerwinski v. Univ. of Tex. Health Sci. Ctr.*, 116, S.W.3d 119, 123 (Tex. App.- Houston [14th Dist.] 2002, pet. denied).

1 / 4

Memorandum Opinion (ECF No. 138) and Final Judgment on March 30, 2023 (ECF No. 139). The Final Judgment was a take nothing judgment granted in favor of Ali as to his claim of a constructive trust due to the applicable statute of limitations barring further relief. In its opinion, the Court found that the statute of limitations began to run on October 26, 2017, and therefore four years elapsed on October 25, 2021, prior to the underlying bankruptcy case and this adversary case.[2]

The Memorandum Opinion and Judgment were appealed to the District Court by all the parties. The Defendants appealed on April 10, 2023 (ECF No. 150). Riverstone Resort, LLC, although it did not participate in the trial, also appealed on April 10, 2023 (ECF No. 151). Ali then appealed on April 21, 2023 (ECF No. 158). On August 22, 2023, the District Court affirmed the bankruptcy court's decision (ECF No. 173).

The District Court's Memorandum and Order was then appealed to the Fifth Circuit Court of Appeals on September 19, 2023. On December 9, 2024, the Fifth Circuit issued its opinion reversing the judgment of the District Court with instructions to remand the case to the bankruptcy court. The District Court remanded the case to the bankruptcy court on March 13, 2025 (ECF No. 199).

Based on the order remanding this case to the bankruptcy court, this Court reopened evidence and held an evidentiary hearing on March 31, 2025.

## ANALYSIS

On remand, the Court holds that equitable tolling did not occur in this case. As stated in *Smith*,[3] "a person cannot be permitted to avoid liability for his actions by deceitfully concealing wrongdoing until limitations has run."

While Chaudhary's actions as Ali's lawyer were to this Court reprehensible, he was terminated as counsel for Ali on October 26, 2017.[4] Since that time Chaudhary has been adequately represented by multiple counsel. There was little or no evidence of deceitfully concealing or wrongdoing by Chaudhary after his termination as counsel for Ali. Chaudhary has faced both a State Bar complaint and a lawsuit in State Court,[5] and he appears to have mounted a

---

[2] Memorandum Opinion, ECF No. 138, pages 15 through 16.
[3] *Smith v. Travelers Cas. Ins. Co.*, 932 F.3d 302, 312 (5th Cir. 2019).
[4] ECF No. 138, pages 15 – 16.
[5] Plaintiff filed suit styled as *Hamzah Ali vs. Azhar Mahmood Chaudhary and Azhar Chaudhary Law Firm, P.C.* against the two co-defendants in the 458th Judicial District of Fort Bend County, Texas on March 6, 2018.

defense against both actions. A future trial is pending in the State Court action. However, defending these two complaints cannot be taken as deceitful concealing but his right as a litigant to defend.[6] It also appears that discovery in the long-standing State Court lawsuit which involves recovery of the funds paid by Ali as attorney fees to Chaudhary could have given full and complete notice of the very facts of which Ali argues support equitable tolling. That this discovery either did not occur or did not disclose the existence of facts of which Ali now complains should not support equitable tolling.

The Court holds that the only evidence that supports equitable tolling is the omission of Ali's lis pendens from the bankruptcy schedules in the Riverstone Resort, LLC bankruptcy case.[7] As early as the first quarter of 2021[8] Ali became aware that his funds had possibly flowed into the purchase of the real estate known as Riverstone Resort, LLC. He filed a lis pendens on September 20, 2021, that he had signed on August 30, 2021.[9] Riverstone Resort, LLC filed its Chapter 11 case on October 29, 2021, only 39 days after the lis pendens filing. Ali's potential claim and/or the lis pendens filing are not disclosed in the bankruptcy filing and Ali suggests that this was intentional by Chaudhary. However, there is nothing in the record to indicate that Chaudhary or Riverstone Resort, LLC were ever served a copy of the lis pendens when it was filed or that they had actual or constructive knowledge of its filing when the bankruptcy case was initiated. The omission can be explained by a lack of knowledge of Chaudhary and Riverstone Resort, LLC. Additionally, this Court is aware that the filing date of the Riverstone Resort, LLC bankruptcy was premediated by a foreclosure posting[10] on the subject property and there is no evidence that the bankruptcy filing was in any way related to the filing of the lis pendens.

Additionally, the Court makes the following findings. To utilize the discovery rule, it must be plead and it was not in this case.[11] While application of the Discovery Rule for a cause of action

---

[6] Including several mediations.
[7] Case No. 21-33531.
[8] There was conflicting testimony regarding the exact date that Ali became aware of Riverstone Resort, LLC and the possibility that funds he paid Chaudhary were used for its purchase. Ali testified his knowledge occurred in the first quarter of 2021; he then revised that testimony to the first quarter of 2022. However, he signed the lis pendens on August 30, 2021, the Court holds he was aware of the possible claims against Riverstone Resort, LLC in the first quarter of 2021.
[9] ECF No. 205-1.
[10] See ECF No. 14, Cause No. 21-33531.
[11] *Draughon v. Johnson*, 631 S.W.3d 81, 89-90 (Tex. 2021). "plaintiff seeking to benefit from discovery rule must bear burden of proving and securing favorable findings thereon, as it will generally have greater access to facts necessary to establish that it falls within rule."

may require the Court "to decide whether an equitable doctrine affects the running of limitations or overcomes the expiration of a limitations period, it must be plead.[12]" The Court holds that in the absence of pleading the Discovery Rule, it need not make this determination.[13]

As cited in *Smith*, equitable tolling can apply "in situations where a claimant actively pursued his judicial remedies but filed a defective pleading during the statutory period, or where a complainant was induced or tricked by his adversary's misconduct into allowing filing deadlines to pass." There is nothing in the record to support such a holding.

Accordingly, the Court therefore issues a take nothing judgment.

**SO ORDERED.**

SIGNED 04/01/2025

_____
Jeffrey Norman
United States Bankruptcy Judge

---

[12] See *Zive v. Sandberg*, 644 S.W.3d 169, 174 (Tex. 2022).

[13] *Valdez v. Hollenbeck*, 465 S.W. 3d 217, 229 (Tex. 2015) Unless an accrual date is prescribed by statute, "[c]auses of action accrue and statutes of limitations begin to run when facts come into existence that authorize a claimant to seek a judicial remedy." *Exxon Corp. v. Emerald Oil & Gas Co., L.C.* 348 S.W.3d 194, 202 (Tex. 2011). Thus, a cause of action generally accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred. *See Trinity River Auth. v. URS Consultants, Inc.*, 889 S.W.2d 259, 262 (Tex. 1994). When a cause of action accrues is typically a question of law. *Exxon Corp., supra* at 202.